IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Karen Michele Cook, | C/A No. 6:18-cv-1551-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On June 13, 2019, Magistrate Judge Kevin F. McDonald issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be reversed and remanded. ECF No. 32. On June 27, 2019, the Commissioner filed objections to the Report. ECF No. 34. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71. The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

Plaintiff applied for SSI and DIB on June 5, 2014, alleging that she has been disabled since January 1, 2014. Plaintiff's claim was denied initially and upon reconsideration. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 24, 2017. The ALJ denied Plaintiff's claim in a

decision issued July 5, 2017. The Appeals Council denied Plaintiff's request for a review, making the determination of the ALJ the final decision of the Commissioner.

## **DISCUSSION**

The Magistrate Judge provides a thorough recitation of the facts of this case and the applicable legal standards in his Report, which the Court incorporates by reference. The Magistrate Judge evaluated the merits of Plaintiff's arguments and found that the ALJ failed to adequately explain the decision to give mixed weight to the opinion of Plaintiff's treating rheumatologist, Dr. Mader. The Magistrate Judge recites the pertinent portions of the ALJ's treatment of Dr. Mader's opinions in the Report; therefore, the Court need not restate them here. *See* ECF No. 32 at 25–27. After reviewing the ALJ's decision, the Magistrate Judge found "that the ALJ's rejection of Dr. Mader's opinions was summary and conclusory in nature without indicating what evidence in the record contradicted Dr. Mader's opinions." *Id.* at 27. The Commissioner objects, contending substantial evidence supports the ALJ's evaluation of Dr. Mader's opinion.

After reviewing the ALJ's decision, the relevant law, and the arguments of counsel, the Court adopts the Magistrate Judge's analysis and conclusion. As the Magistrate Judge correctly noted, the ALJ's opinion "includes no indication of the ALJ's recognition or consideration of the factors associated with the Treating Physician Rule—beyond that Dr. Mader is a rheumatologist who saw the plaintiff from December 2015 to September 2016 for fibromyalgia and ankylosing spondylosis." *Id.* The Commissioner's objection misses the point, as the Report concludes that the ALJ committed legal error in evaluating Dr. Mader's opinion. Because the ALJ did not evaluate the opinions of treating physicians under the appropriate regulations and provide an explanation for the weight given to those

3

opinions, it is impossible for a reviewing court to determine whether substantial evidence supports the ALJ's determination. Put succinctly, the ALJ provides no adequate explanation that is grounded in the record evidence and in compliance with the applicable regulations for failing to afford these treating providers' opinions controlling weight. For that reason, the Court adopts the Report and incorporates it by reference herein.

## **CONCLUSION**

For the reasons set forth above, the Court adopts the Report, reverses the decision of the Commissioner, and remands pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation of Plaintiff's claim as indicated above.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

September 24, 2019
Spartanburg, South Carolina